UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  **DECISION AND ORDER**
 14-CR-214S (9)

REGINALD ROYAL, JR.,

               Defendant.

On September 25, 2019, Defendant Reginald Royal, Jr., pleaded guilty to Charge No. 1 in the Amended Petition for Offender Under Supervision issued on August 9, 2019. (Docket Nos. 999, 1000.) That charge alleged that Defendant violated the condition of his supervised release that required him to refrain from unlawfully using a controlled substance. (Docket No. 956.) On December 11, 2019, Defendant appeared for imposition of sentence. (Docket No. 1016.)

Now pending before this Court is Defendant's timely motion to correct his sentence under Rule 35 (a) of the Federal Rules of Criminal Procedure. (Docket No. 1017.) For the reasons that follow, Defendant's motion is granted, and the sentence imposed on December 11, 2019, is corrected and clarified as set forth below.

At sentencing, Defendant faced a guideline imprisonment range of 6-12 months and supervised release of Life (less any revocation sentence) for his conviction on Charge No. 1. This Court was also aware of the undisputed fact that Defendant failed to fulfill the condition of supervised release imposed on June 10, 2019 by modification, which required him to reside at a residential reentry center for four months. (Docket No. 913.)

1

After considering all of the required and relevant sentencing factors, this Court intended to sentence Defendant to six months' imprisonment, followed by four months of supervised release with the condition that he reside at a Residential Reentry Center for that term, with no further supervised release to follow. The oral pronouncement of sentencing reflects this sentence, albeit with some degree of ambiguity:

> Court: In my judgment you get the bottom end of the Guideline range, which is six months. And there's still four months that remain on the sentence to the RRC, right?
>
> Probation: That's correct, Judge.
>
> Court: So that is part of the sentence as well. So that totals out to eight months. Four months, well six months on the guideline range. You've got four in, probably two months to serve on the guideline and four months that remain on the RRC sentence. That will be your sentence. No supervised release to follow. So it's going to be up to you . . .
>
> Def. Atty: So that means, Judge, he'll serve the six months and then he'll . . . upon his release, he goes into the halfway house for four, and then it's done?
>
> Court: Yes, then it's done.[1]

This Court's minutes from the sentencing proceeding describe the sentence imposed as follows: "The Court revokes supervised release and sentences the Defendant to the custody of the BOP for a term of 6 months. Defendant is additionally sentenced to a term of 4 months in a residential reentry center to follow the imposed term of imprisonment. No supervised release to follow." (Docket No. 1016.)

---

1 This recitation is taken from the audio recording of the December 11, 2019 sentencing proceeding.

In his motion, Defendant understands his sentence to be "6 months [imprisonment] with no supervised release to follow," plus a term of four months in a residential reentry center. (Affirmation of Frank Passafiume, Docket No. 1017, ¶ 2.) He argues that this Court erred by treating the residential reentry center portion of the sentence as mandatory under Chapter 7 of the Guidelines. (Id.) He further contends that the United States Bureau of Prisons may have difficulty executing the sentence, with the concern being that it will continue to imprison him beyond six months if a residential reentry center placement is not readily available. He therefore seeks correction of his sentence to a straight 6-month term of imprisonment.

Despite being afforded the opportunity to do so, see Docket No. 1018, the government did not respond to Defendant's motion. The assigned probation officer, however, has submitted a memorandum indicating his understanding of the sentence as a 10-month custodial sentence.[2] He suggests that the sentence should be corrected to a 10-month term of imprisonment with the recommendation to the Bureau of Prisons that the final four months of the sentence be served in a residential reentry center.

Based on the above, this Court finds that correction and clarification of the sentence is required to resolve ambiguity.

---

2 The probation officer's memorandum was copied to the prosecutor and defense counsel.

Rule 35 (a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." This rule "is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence." United States v. Abreu-Cabrera, 64 F.3d 67, 72 (2d Cir. 1995). The 14-day requirement is jurisdictional. See id. at 73. Consequently, a district court cannot amend or correct a sentence after 14 days from oral imposition under the rule even if the defendant files a motion to do so within the given time period. See United States v. Razzouk, 11-CR-430 (ARR), 2018 WL 2272713, at *1 (E.D.N.Y. May 17, 2018) (finding lack of jurisdiction to amend sentence under Rule 35 (a) where more than 14 days elapsed since oral pronouncement of the sentence); United States v. Oleksowicz, 13-cr-003 (ER), 2017 WL 729724, at *2 (S.D.N.Y. Feb. 24, 2017) (same).

Here, Defendant has filed a timely motion highlighting an arithmetical error and an obvious ambiguity that require correction and clarification, and 14 days have not elapsed since the oral imposition of sentence. First the arithmetical error. In considering the custodial time together with the intended period of supervised release, this Court aggregated them to be eight months instead of ten. Although this lapse is immaterial to the sentence ultimately imposed, the record should nonetheless reflect that the two time periods under consideration aggregated to 10 months.

The ambiguity that requires clarification relates to the imposition of a 4-month term of supervised release with the condition that Defendant reside in a residential reentry center for the entirety of the 4-month term. After this Court confirmed that four months remained on the previous supervised release condition requiring placement in a residential reentry center, it stated "[s]o that is part of the sentence as well." That is, this Court imposed a new 4-month term of supervised release with a condition requiring placement in a residential reentry center for the entirety of the term. While this portion of the sentence could have been articulated more directly, this Court explained that Defendant would likely serve only two more months in custody because he had already served four months, which would then be followed by four months in the residential reentry center, with no further supervised release to follow. This Court then confirmed its sentence in response to defense counsel's query, affirming that "he'll serve the six months and then he'll . . . upon his release, he goes into the halfway house for four, and then it's done[.]" Thus, the imposed sentence included a 4-month term of supervised release to be served in a residential reentry center.

Contrary to Defendant's argument, this Court did not treat the supervised release portion of the sentence as mandatory. Rather, it found it a necessary component to a fair, just, and reasonable sentence. Defendant's sentence is therefore corrected under Rule 35 (a) to make clear that it is a sentence of six months' custody and four months' supervised release with conditions to include that Defendant must reside at a residential reentry center for the entirety of the 4-month term and obey all rules and regulations.

IT HEREBY IS ORDERED, that Defendants' Motion to Correct Sentence (Docket No. 1017) is GRANTED.

FURTHER, that the United States Probation Office is directed to submit for this Court's signature a judgment reflecting the imposition of a sentence of six months' custody and four months' supervised release with conditions to include that Defendant must reside at a residential reentry center for the entirety of the 4-month term and obey all rules and regulations.

SO ORDERED.

Dated: December 20, 2019
       Buffalo, New York

                                            <u>s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge